**NOT FOR PUBLICATION OR CITATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| FREDERICK A. CARGILL, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 06-01-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| WARDEN, F.P.C.-MANCHESTER, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

** ** ** ** **

Frederick A. Cargill (Cargill) is a *pro se* Petitioner incarcerated at the Federal Correctional Institution-Manchester in Manchester, Kentucky. He has submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 and has paid the $5.00 filing fee. This matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) permits a court to dismiss a case at any time if the court determines that the action is: (i) frivolous or malicious or (ii) fails to state a claim upon which relief can be granted.

-1-

## BACKGROUND

Petitioner Cargill indicates that he was convicted by a jury on May 10, 1995, of drug trafficking under 21 U.S.C. §841(a)(1) and conspiracy to engage in drug trafficking under 21 U.S.C. §846.  He was sentenced to a combined 240 months of incarceration, followed by a five-year term of supervised release.  *United States v. Frederick Cargill*, 95-CR-300-8, Middle District of North Carolina [Record Nos. 241, 605].  Cargill's conviction was upheld on direct appeal to the Fourth Circuit on May 29, 2003.  [Record No. 668]  Cargill's motion for post-conviction relief under § 2255 was denied by the trial court on June 18, 2004, as was his request for a certificate of appealability by the Fourth Circuit on October 19, 2005. [Record Nos. 744, 815].

In his present petition, Cargill asserts that he was denied his due process rights when the Fourth Circuit sustained his conviction on direct appeal under a theory not presented to the jury and cites *Dunn v. United States*, 442 U.S. 100 (1979), in support of his position.  Cargill has advanced arguments substantially identical to those asserted in his present petition in a § 2255 motion recently filed in the trial court.  *Cargill v. United States*, 06-CV-86, Middle District of North Carolina.  [Record No. 1]

## DISCUSSION

Ordinarily, 28 U.S.C. §2241 is used by prisoners to challenge the execution of a sentence, such as the computation of parole or sentence credits, not their conviction or sentence.  *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979).  As Cargill challenges the constitutionality of his conviction,

he ordinarily must raise this claim through a post-conviction motion under 28 U.S.C. §2255. Although he does not expressly invoke the "savings clause" of § 2255, 28 U.S.C. §2255, ¶5, the Court construes Cargill's petition to include an assertion that his remedy under § 2255 "is inadequate or ineffective to test the legality of his detention" in order to invoke this Court's jurisdiction under § 2241. Because Cargill's claims in this proceeding have not been presented before, the Court must determine whether his remedy under § 2255 is "inadequate or ineffective" before he is entitled to their consideration on the merits.

In *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999), the Sixth Circuit noted that Section 2241 is not a "catch all" remedy, but is available only upon the petitioner's demonstration that his § 2255 remedy is truly "inadequate and ineffective." *Id.* at 756. The Court made clear that habeas corpus relief is unavailable to a federal prisoner if he fails to avail himself of a reasonable opportunity to obtain an earlier correction of a fundamental defect in his conviction or sentence under pre-existing law. *Id.; see also United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002). In *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003) (*Martin I*), the Sixth Circuit further clarified by holding that the "savings clause" may only be invoked by a petitioner where he presents a viable claim of "actual innocence" based upon a subsequent Supreme Court decision interpreting the criminal statute under which he has been convicted in a materially different manner than that prevailing at the time of his conviction. *Id.* at 804; *see also Lott v. Davis*, 105 Fed.Appx. 13 (6th Cir. 2004) ("Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause.")

-3-

In this action, Cargill asserts that the Fourth Circuit violated his constitutional due process rights by sustaining his conviction on a theory not presented during his original trial and found by a jury beyond a reasonable doubt.  This is not a claim of "actual innocence" because Cargill's assertions, even if true, do not assert that the trial court convicted him of conduct "that the law does not make criminal" in light of a Supreme Court decision handed down after his direct appeal or first collateral attack on his conviction.  *Martin I*, 319 F.3d at 805; *Charles*, at 180 F.3d at 757; *Truss v. Davis*, 115 Fed.Appx. 772, 775 (6th Cir. 2004) ("Thus far, the only circumstance in which this court has found §2255 to be an ineffective or inadequate remedy is when the petition stated a facially valid claim for actual innocence.")  Because Cargill's habeas corpus petition does not present a facially-valid claim that he is actually innocent of the offense charged, the savings clause of § 2255 does not permit him to pursue this claim in a habeas corpus proceeding under § 2241.  *Bousley v. United States*, 523 U.S. 614, 620 (1998).

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1)  Petitioner Cargill's petition for a writ of habeas corpus is **DENIED.**

(2)   The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

(3)  Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

(4) This action is **DISMISSED** and **STRICKEN** from the Court's docket.

This 14th day of February, 2006.



Signed By:

*Danny C. Reeves*

United States District Judge